Filed 8/25/25  P. v. Medina CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NATHAN MEDINA,<br><br>        Defendant and Appellant. | A172132<br><br>(Contra Costa County<br>Super. Ct. No. 05000806562) |

In 2009, a jury convicted defendant Nathan Medina of one count of first degree murder, two counts of attempted premeditated murder, and one count of burglary, and he was sentenced to 40 years plus 50 years to life in prison. This division affirmed the judgment in an unpublished opinion.  (*People v. Medina* (Feb. 24, 2012, A125850) (*Medina*).)

In August 2024, Medina filed a petition for resentencing under Penal Code[1] section 1172.6, based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437).  This legislation amended sections 188 and 189 to limit vicarious liability for murder. (*People v. Hin* (2025) 17 Cal.5th 401, 441.)  It also created a procedure under former section 1170.95, now section 1172.6, for those convicted under the

---

[1] All further statutory references are to the Penal Code.

previous law to seek resentencing. (*People v. Antonelli* (2025) 17 Cal.5th 719, 724.)

Medina now appeals from the denial of his petition for resentencing. His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*) stating that there are no arguable issues. Under *Delgadillo*, we gave Medina notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *id.* at pp. 231–232.)

Medina filed a supplemental brief in which he makes several claims of trial error, but we are unable to consider such claims in this appeal. He also cites ameliorative legislation unrelated to section 1172.6, which likewise does not bear on whether the trial court erred by denying his resentencing petition. Finally, he argues that the court was biased and improperly engaged in factfinding to deny the petition, but he fails to demonstrate any bias or error. Thus, we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

The underlying facts are set forth in our opinion from Medina's direct appeal. Briefly, Medina's mother and stepfather were longtime friends of Beverly Rhoads. Rhoads hired the stepfather to do a construction project at her home, and Medina also worked on the project. After significant delays in the work's performance, Rhoads sued the stepfather. (*Medina, supra*, A125850.)

Several months later, on March 20, 2008, 42-year-old Medina entered Rhoads's home while she and her adult son, Joshua, were present. Medina shot Rhoads and Joshua, and shot at but missed Sean Mendell, a friend who was living in Rhoads's guest cottage. Joshua did not survive. (*Medina, supra*, A125850.)

2

The jury convicted Medina of first degree murder of Joshua, attempted premeditated murder of Rhoads and Mendell, and first degree burglary.[2]  The jury found true as to each offense that Medina personally used and personally and intentionally discharged a firearm, and it also found true as to the murder and the burglary that he personally and intentionally discharged a firearm causing great bodily injury or death.[3]  The trial court sentenced Medina to a determinate term of 40 years and an indeterminate term of 50 years to life, composed of a term of 25 years to life for the murder, a consecutive term of 25 years to life for the accompanying firearm enhancement, life in prison and a consecutive term of 20 years for each attempted murder, and a concurrent four-year term for the burglary. (*Medina*, *supra*, A125850.)

Medina filed the operative petition for resentencing in August 2024.[4] On a form, he checked boxes indicating that he met all the statutory requirements for relief, including that he "could not presently be convicted of murder or attempted murder because of changes made to . . . [sections] 188 and 189, effective January 1, 2019."  (See § 1172.6, subd. (a).)  He

---

[2] Medina was convicted under sections 187 (murder), 187 and 664 (attempted murder), and 459 and 460, subdivision (a) (burglary).  He was acquitted of a charge of attempted robbery of Mendell.

[3] The firearm allegations were found true under section 12022.53, subdivisions (b) (personal use), (c) (personal and intentional discharge), and (d) (personal and intentional discharge causing great bodily injury or death). Our prior opinion inaccurately states that the jury also found true an allegation under section 12022.53, subdivision (d), as to both attempted murders.  (*Medina*, *supra*, A125850.)

[4] Seven months earlier, Medina had filed a petition seeking resentencing under various ameliorative statutes, not just section 1172.6. The trial court appointed counsel for him, after which he withdrew the original petition without prejudice.

subsequently clarified that he sought to overturn only the murder conviction, not the attempted murder convictions.

The prosecution opposed the petition, arguing that Medina was ineligible for relief under section 1172.6 because the record of conviction established he was the actual killer. Medina replied that he made a prima facie showing of entitlement to relief because the jury was instructed on felony murder and could have concluded that he did not act alone.

In November 2024, the trial court—the same judge who presided over Medina's trial—held a hearing on the section 1172.6 petition. The court determined that it could consider "the trial testimony . . . [,] the Information, the clerk's minutes, the jury instructions given, the jury's verdict, the abstract [of judgment], and the closing arguments of counsel" to evaluate whether Medina made a prima facie showing of entitlement to relief. After emphasizing that it would not "engage in fact-finding that requires weighing of evidence, making credibility determinations, or exercising discretion," the court found that the record of conviction "demonstrate[d] conclusively and as a matter of law" that Medina was ineligible for relief. Nothing in the information, jury instructions, arguments, or evidence "suggested that more than one person was involved" in the crimes, and the verdicts thus established that the jury found Medina was the actual killer. The court therefore denied the petition.

## II.
### DISCUSSION

Some of Medina's supplemental brief raises alleged errors at his trial, such as the denial of his motion for a new trial. We cannot address such issues in this appeal. "The mere filing of a [former] section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. . . .

4

'The purpose of [the statute] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Medina also cites two pieces of ameliorative legislation that are not related to Senate Bill No. 1437: Assembly Bill No. 600 (2023–2024 Reg. Sess.), which amended section 1172.1, a different resentencing provision, and Senate Bill No. 81 (2021–2022 Reg. Sess.), which altered a trial court's discretion to strike enhancements under section 1385. (*People v. Roy* (2025) 110 Cal.App.5th 991, 997; *People v. O'Bannon* (2024) 105 Cal.App.5th 974, 979.) Medina does not make any arguments based on these bills, and neither is relevant to whether the trial court erred by denying his petition under section 1172.6 at the prima facie stage.

Turning to the proceedings on his section 1172.6 petition, Medina first argues that the superior court clerk improperly refused to file his "discovery motion" on September 30, 2024. The record does not support this claim, as it does not show that any such motion was submitted, much less rejected. Medina also argues that the trial court engaged in improper factfinding to deny the petition, but he does not explain his reasoning. Finally, he argues that the court's "decision to deny the resentencing petition appears to be predisposed towards validating [the judge's] preconceived notions," demonstrating judicial bias. But he fails to describe any behavior amounting to actual or perceived bias. Thus, we reject his claims. (See *People v. Holford* (2012) 203 Cal.App.4th 155, 186 [claims unsupported by "reasoned argument or citation to authority" are forfeited].)

Having exercised our discretion to perform an independent review of the record, we do not perceive any arguable issues. (See *Delgadillo, supra,*

5

14 Cal.5th at p. 232.) The trial court correctly denied Medina's resentencing petition at the prima facie stage. Even if a defendant was convicted on a theory of felony murder, resentencing under section 1172.6 is "unavailable if the defendant was . . . the actual killer." (*People v. Strong* (2022) 13 Cal.5th 698, 710; *Delgadillo*, at p. 233; see § 189, subd. (e)(1).) Here, the jury was instructed under CALJIC No. 8.10 that "[e]very person who unlawfully *kills* a human being with malice aforethought or during the commission or attempted commission of a residential burglary . . . is guilty of the crime of murder" (italics added), and no alternative definition of murder was provided. Nor were any instructions on aiding and abetting or other theories of vicarious liability given. Thus, even though the jury was instructed on felony murder under CALJIC 8.21, it could not find Medina guilty of murder without determining that he was the actual killer. (*People v. Harden* (2022) 81 Cal.App.5th 45, 54–55, 57–58 [concluding that jury instructed under CALJIC No. 8.10, as opposed to CALCRIM No. 520, necessarily found defendant was actual killer].)

Since Medina is ineligible for relief under section 1172.6, any error in the trial court's disposition of his petition would be harmless under any standard. (See, e.g., *People v. Lewis* (2021) 11 Cal.5th 952, 957–958 [assessing prejudice from failure to appoint counsel under former section 1170.95].) Harmlessness is also established because the record as a whole leaves no doubt that Medina "was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

## III.
### DISPOSITION

The November 12, 2024 order denying the petition for resentencing under section 1172.6 is affirmed.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Langhorne Wilson, J.

*People v. Medina*  A172132